IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CRUZ GONZALES, JR., ID # 1503245, ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LEW STERRETT DALLAS ) <br> COUNTY JAIL, et al., ) <br> Defendants. ) | No. 3:08-CV-1510-D (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a prisoner currently detained in the Limestone County Detention Center and formerly detained in Dallas County Jail, brings this action pursuant to 42 U.S.C. § 1983 against Lew Sterrett Dallas County Jail; Dallas Sheriffs Detention Guards; Lew Sterrett Dallas County Jail Grievance Officers; Internal Affairs Dallas County Sheriffs Department; and Medical Department Lew Sterrett County Jail. (Compl. at 3-4.) He seeks injunctive and monetary relief. (*See* Answer to Question 5 of Magistrate Judge's Questionnaire ("MJQ")[1].) No process has been issued in this case.

---

[1] Because the identity of the defendants was unclear, the Court Plaintiff a questionnaire asking him to identify all defendants sued in this action. His answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). In light of such answers, the previously named defendants, *i.e.*, the State of Texas, County of Dallas, and all "Subsituaries", are no longer part of this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity and an officer or employee of such an entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## III. SECTION 1983

Plaintiff seeks monetary and injunctive relief under 42 U.S.C. § 1983 against the Dallas County Jail, the Dallas County Sheriffs Department, and unidentified guards and grievance officers. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States;

2

and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

## A. Claim for Injunctive Relief

Plaintiff's request for injunctive relief is intended to correct the policies and practices of Dallas County Jail. Plaintiff, however, has not been housed there since before he filed the instant action. "Therefore, any claims for injunctive relief to correct procedures and practices at that facility are moot." *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000). If his claims have merit, Plaintiff may only pursue monetary relief.

## B. Claims Against Non-jural Entities

Plaintiff sues Lew Sterrett Dallas County Jail, Internal Affairs Dallas County Sheriffs Department, and the Medical Department Lew Sterrett County Jail. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. Neither the Dallas County Jail nor the Lew Sterrett Justice Center is a jural entity subject to suit. *See, e.g.*, *Selver v. City of Dallas*, No. 3:02-CV-1890-D, 2003 WL 23473041, at *2 (N.D. Tex. Feb. 5, 2003) (recommendation of Mag. J.), *adopted by* 2003 WL 23473115 (N.D. Tex. Mar. 3, 2003); *Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not jural entity subject to suit), *aff'd*, 154 F.3d 416 (5th Cir. 1998); *Westbrook v. Dallas County*, No. 3-96-CV-2039-BD, 1999 WL 354231, at *2 (N.D. Tex. June 2, 1999) (holding that "the Lew Sterrett Justice

Center is not a jural entity amenable to suit"). Likewise, neither a county medical department nor a county sheriff's department is a jural entity that can be sued. *See, e.g.*, *Alcala v. Dallas County Sheriff's Dep't*, 988 F.2d 1210, 1993 WL 82042, at *1 (5th Cir. 1993) (sheriff's department); *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007) (accepting recommendation of Mag. J. addressing medical department); *Staritz v. Valdez*, No. 3:06-CV-1926-D, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007) (adopting recommendation of Mag. J. addressing sheriff's department); *Althouse v. Hill*, No. 3:02-CV-1263-D, 2003 WL 21730539, at *2 (N.D. Tex. Mar. 7, 2003) (accepting recommendation of Mag. J. addressing medical department). Similarly, Internal Affairs Dallas County Sheriffs Department is not subject to suit.

When warned of the non-jural status of these defendants and given a chance to amend his complaint to name a different defendant, Plaintiff reiterated that he sought to sue "Medical Department; Lew Sterrett County Jail". (*See* Answer to Question 1 of MJQ.) That answer does not name a defendant who is subject to suit. The Court should dismiss this action against Lew Sterrett Dallas County Jail, Internal Affairs Dallas County Sheriffs Department, and the Medical Department Lew Sterrett County Jail as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A because such defendants are non-jural entities who are not subject to suit.

**C. Claims Against John Doe Defendants**

Plaintiff also brings suit against unidentified Dallas Sheriffs Detention Guards and Lew Sterrett Dallas County Jail Grievance Officers.[2] "Neither the Federal Rules of Civil Procedure nor [42 U.S.C. § 1983] provides authority for joining fictitious defendants in this suit." *Taylor v. Fed.*

---

[2] Although the Court has examined the complaint, Plaintiff's answers to the MJQ, and various papers received from Plaintiff on October 20, 2008, it has located no properly identified guard or officer.

*Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Plaintiffs, even those proceeding *in forma pauperis*, have a duty to provide information sufficient to identify the defendants. Until Plaintiff properly identifies these guards and officers, the Court is unable to "direct service on the proper defendants", *see Staritz v. Valdez*, No. 3:06-CV-1926-D, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007) (adopting recommendation of Mag. J.), and there is no need to consider whether the claims asserted against them otherwise survive the screening process.

Courts lack personal jurisdiction over unidentified fictitious defendants. *See Taylor*, 661 F. Supp. at 1350. The claims against such defendants are subject to dismissal. The Court may raise the question of personal jurisdiction *sua sponte*. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNA-TOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (approving *sua sponte* dismissal of action instead of entry of default judgment); *Frass v. S. Pac. Transp. Co.*, 810 F. Supp. 189, 190 (S.D. Miss. 1993) (raising question of personal jurisdiction *sua sponte*). When a district court raises the issue of personal jurisdiction *sua sponte*, however, it should provide a reasonable opportunity for the plaintiff to answer the court's jurisdictional concerns. *See Sys. Pipe & Supply, Inc.*, 242 F.3d at 325.

In this instance, the Court gave Plaintiff a reasonable opportunity to properly identify the guards and officers, but he failed to do so. (*See* Answers to Questions 2 and 3 of MJQ.) In light of that opportunity for Plaintiff to cure the jurisdictional defect, the Court should dismiss the claims against the John Doe defendants for want of personal jurisdiction. Such dismissal should be without prejudice[3] to Plaintiff commencing a new action against the John Doe defendants if he is later able to identify them.

---

[3] "Without prejudice" means that the dismissal will not of itself prevent Plaintiff from pursuing a different action against the unidentified guards and officers once Plaintiff is able to properly identify them.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** Plaintiff's claims against Lew Sterrett Dallas County Jail, Internal Affairs Dallas County Sheriffs Department, and the Medical Department Lew Sterrett County Jail with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). It is further recommended that the District Court summarily **DISMISS** Plaintiff's claims against the unidentified Dallas Sheriffs Detention Guards and Lew Sterrett Dallas County Jail Grievance Officers without prejudice for lack of personal jurisdiction.

**SIGNED this 21st day of October, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE